UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
June 14, 2007

CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | |
|---|---|
| ROBERT L. MINGILTON, ) | |
| TDCJ #926627, ) | |
| Plaintiff, ) | |
| ) | 7:06-CV-026-R |
| v. ) | |
| ) | |
| VIKKI WRIGHT, *et al.*, ) | |
| Defendants. ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on to be considered Defendants' Motion for Summary Judgment and the Court finds and orders as follows:[1]

This is an action filed by an inmate currently confined in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas. At the time of the events giving rise to this lawsuit, Defendants were employees at the James V. Allred Unit where Plaintiff was previously confined. *Complaint ¶ IV.* Plaintiff claims that Defendants failed to protect him from a vicious attack by his cellmate and that he was thereafter denied medical care for his injuries. *Complaint ¶ V.* Specifically, Plaintiff alleges that, on April 6, 2004, his cellmate threw boiling hot water mixed with Hi-Lite, a cleaning agent, in his face, and then beat him in the head with a hot pot. *Attachment to Complaint p. 4.* Plaintiff states that he suffered burns to his face and eyes and a large contusion on his forehead. *Id.* He alleges that he was, thereafter, denied medical care for his injuries. *Id. at pp. 7-9.* Mingilton claims that he informed certain Defendants about the danger that existed with regard to his cellmate, but that his pleas for help were ignored. *Id. at p.5.*

---

[1] Plaintiff has not filed a response to Defendants' Motion for Summary Judgment.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Such a procedure assists the court by developing a factual record, allowing the application of correctional expertise to the prisoner's claims, and hopefully resolving the issues without the Court's intervention. Even where an inmate seeks monetary damages, which may not be available through prison grievance proceedings, exhaustion is a prerequisite to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies without any valid excuse, a court may enter judgment as a matter of law. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

The Texas Department of Criminal Justice provides a formal two-step procedure under which inmates must present their grievances in order to exhaust administrative remedies. *Id.* at 890-91. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Id.* After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 1 of the process, which may be the warden, facility administrator or health administrator. *Id.* Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ. *Id.* After an investigation, the department grievance investigator prepares a report and makes a recommendation to the final decision maker

for Step 2 of the process, which is the director, deputy director, regional director, or assistant director. *Id.*

The Fifth Circuit Court of Appeals has adopted a strict approach to the exhaustion requirement. *See Ferrington v. La. Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (finding that blindness did not excuse the plaintiff from exhausting administrative remedies); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Parker v. Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, after he recovered, he made no attempt to file a grievance). However, administrative remedies may be deemed unavailable where (1) an inmate is unable to file a grievance because of physical injury and (2) the inmate attempts to exhaust administrative remedies by filing a grievance as soon as the injury improves, but the grievance is rejected as untimely. *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003).

Respondent has directed the Court to Plaintiff's previously filed case, *Mingilton v. Wright*, 7:05-CV-047-R (N.D. Tex. 2005), which involved claims virtually identical to the claims set forth in the instant case. The previous case was filed on February 22, 2005, over ten months after Plaintiff was attacked by his cellmate. In his response to the Court's questionnaire, Plaintiff conceded that he had not filed any Step 1 or Step 2 grievances with TDCJ officials regarding his claims. The case was dismissed for failure to exhaust administrative remedies. The grievances attached to Plaintiff's complaint in the instant case reflect that they were returned to him because they were untimely. *See Attachments to Complaint.* By not raising the claim at issue in the instant case in timely Step 1 and Step 2 grievances, Plaintiff failed to avail himself of a potential remedy and of a statutory

prerequisite to maintaining this lawsuit.  Moreover, it appears from the summary judgment evidence submitted by Defendants, that Plaintiff was provided with appropriate medical care for his injuries. *See Affidavit of Dr. Tim Revell, Defendants' Motion for Summary Judgment, Exhibit A.*

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991).  Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)).  Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial.  *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate.  *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).  Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to

satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c); *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992).

The summary judgment evidence and the papers and pleadings presented in this case establish that there are no genuine issues of material fact with regard to Plaintiff's failure to exhaust administrative remedies.  Therefore, Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's complaint is hereby dismissed pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies.

SO ORDERED this 14th day of June, 2007.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE